UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LAUREN MOSER, individually and
on behalf of others similarly situated,

    Plaintiffs,

vs.

LYDIAN DATA SERVICES, LLC, a
Florida Limited Liability Company, and
its Managing Member, LYDIAN TRUST
COMPANY,

    Defendant.
_____/



07-81073
CIV-MARRA MAGISTRATE JUDGE
JOHNSON

COLLECTIVE ACTION



FILED by _____ D.C.
INTAKE
NOV 14 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT

### I. INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA") to recover unpaid overtime compensation owed to Plaintiff Lauren Moser (hereinafter "Moser" or "Plaintiff") and all others similarly-situated to them who were formerly or are currently employed as client advocates, funding specialists and other administrative positions by Defendants Lydian Data Services, LLC and LYDIAN TRUST COMPANY (hereinafter "Lydian" or "Defendants").

2. Lydian employs these employees in Palm Beach County, Florida.

3. Throughout the liability period, Lydian has maintained offices in Palm Beach Gardens, Florida.

4. For at least three years prior to filing of this complaint and continuing (hereinafter "Liability Period"), Lydian had a policy and practice of not correctly compensating its salaried employees for work performed for the benefit of Lydian over and above forty (40) hours per week, to wit: virtually all salaried employees were paid a monthly non-discretionary bonus

without said bonus being added to the regular rate of pay to determine the proper overtime rate, and virtually all such employees worked more than 40 hours per week, with the actual or constructive knowledge of Lydian, while being denied overtime compensation for all hours worked in excess for forty per week. Both Plaintiff and all similarly situated employees shall be referred to as "salary plus bonus employees" for the purpose of this complaint.

5. Pursuant to the FLSA, Moser, on behalf of herself and all others similarly situated to them who were formerly or are currently employed as a salary plus bonus employees for Lydian during the liability period, seek unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from Defendant.

6. Moser will request the Court to authorize concurrent notice to all salary plus bonus employees who are employed by Lydian or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

7. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where defendants may be deemed to reside because Lydian maintains offices in Palm Beach County within the Southern District of Florida.

## PARTIES

### Plaintiff Lauren Moser

9. Lauren Moser (hereinafter "Moser") was, at all material times, a resident of Broward County, Florida and worked for Defendant at its offices in Palm Beach Gardens, Florida.

2

10. Moser was, at all material times, a covered, non-exempt employee of Lydian within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

11. Lydian employed Moser in its Palm Beach Gardens, Florida office as a client advocate from approximately October 2005, through her termination on August 29, 2007.

12. During the portions of the Liability Period Moser worked for Lydian, Moser regularly worked in excess of forty (40) hours per week, without receiving the correct overtime compensation, to wit:  Moser was paid a monthly non-discretionary bonus without said bonus being added to the regular rate of pay to determine the proper overtime rate, and she worked more than 40 hours per week in one or more workweeks with the actual or constructive knowledge of Lydian, while being denied overtime compensation for those hours worked in excess for forty per week.

### Defendant

13. Lydian maintains an office within the jurisdiction of this Court in Palm Beach Gardens, in Palm Beach County, Florida.

14. Lydian is subject to the requirements of the FLSA.

15. Defendant Lydian is the employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA.

### GENERAL FACTUAL ALLEGATIONS

17. The allegations in paragraph 12 occurred during the liability period.

18. Lydian does not compensate its salary plus bonus employees at the rate of one and one-half times their regular rate for all hours worked over forty each week.

19. Defendant's salary plus bonus employees are not exempt from the maximum hour requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

20. There are numerous persons similarly-situated to Plaintiffs who are or were employed in various salary plus bonus positions for Lydian during the liability period.

21. During the liability period, Lydian willfully and recklessly denied the correct compensation to all salary plus bonus employees for hours worked over forty (40) per week, to wit: virtually all salaried employees were paid a monthly non-discretionary bonus without said bonus being added to the regular rate of pay to determine the proper overtime rate, and virtually all such employees worked more than 40 hours during one or more workweeks with the actual or constructive knowledge of Lydian, while being denied overtime compensation for all hours worked in excess for forty per week.

## CLAIM

22. The allegations in paragraphs 1-21 are incorporated by reference herein.  By its actions alleged above, Lydian willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires the correct overtime compensation calculation to non-exempt employees, 29 U.S.C. §§ 207.

23. As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A. To authorize the issuance of notice at the earliest possible time to all Lydian salary plus bonus employees who were employed by Defendant during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked hours in excess of forty (40) in week, during the Liability Period, but were not paid the correct overtime as required by the FLSA;

B. To declare that Lydian has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to the Plaintiffs and persons similarly situated;

C. To declare that Lydian's violations of the FLSA were willful;

D. To award Plaintiffs, and other similarly situated current and former Lydian salary plus bonus employees, damages for the amount of unpaid overtime compensation subject to proof at trial;

E. To award Plaintiffs, and other similarly situated current and former Lydian salary plus bonus employees, liquidated damages in an amount equal to the overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b);

F. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G. To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

H. To award Plaintiffs, and other similarly situated current and former Lydian salary plus bonus employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## **Jury Demand**

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*

Robert S. Norell, Esq.
Fla. Bar No. 996777
ROBERT S. NORELL, P.A.
Attorney for the Plaintiffs
7350 N.W. 5th Street
Plantation, Florida 33317
Tel.: (954) 617-6017
Fax: (954) 617-6018
E-Mail: robnorell@aol.com

Dated: November 9, 2007

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
LAUREN MOSER, individually and on behalf of others similarly situated

**(b)** County of Residence of First Listed Plaintiff: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

07-81073
CIV-MARRA
MAGISTRATE JUDGE
07-81073-CIV-MARRA/LRJ
JOHNSON

### DEFENDANTS
LYDIAN DATA SERVICES, LLC and its Managing Member, LYDIAN TRUST COMPANY

County of Residence of First Listed Defendant: Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

FILED by INTAKE _____ D.C.
NOV 14 2007
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO        b) Related Cases ☐ YES ☒ NO
JUDGE _____        DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219

LENGTH OF TRIAL via 3-4 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE

FOR OFFICE USE ONLY
AMOUNT 350        RECEIPT # 541533        IFP _____